UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                             )
                                                   )
Peter D Osborn                                     )         Case # 6:16-bk-00894-CCJ
                                                   )         Chapter 7
            Debtor                                 )

**CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), (II) BID PROCEDURES, (III) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, (IV) SECURED LENDER'S RIGHT TO CREDIT BID, AND (V) OTHER RELIEF**

Richard B. Webber II, Chapter 7 Trustee (the "Trustee") duly appointed Chapter 7 Trustee for the above referenced debtor (the "Debtor") pursuant to Sections 105 and 363 of the Bankruptcy Code hereby files this motion ("Motion") for entry of an order for authority to sell certain real property free and clear of all liens, encumbrances, and interests.  In support thereof, the Trustee respectfully states as follows:

JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

BACKGROUND

4. On February 12, 2016, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Richard B. Webber II is the duly appointed and qualified Chapter 7 Trustee.

6. The Trustee held and concluded the 341 meeting of creditors on March 24, 2016.

7. The Debtor scheduled a 100% ownership interest in the real property located at 2810 Lake Howell Lane, Winter Park, FL 32792 Parcel ID 27-21-30-300-005A-0000 (the "Property").

.

8. The Debtor scheduled the Property as having a value of $674,856.00 subject to a mortgage in favor of Wells Fargo (the "Secured Creditor") in the amount owed on the Petition Date of approximately $503,472.00.

9. The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BK Global ("BKRES") and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

   a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

   b. buy the Property from the Debtor's estate if (and only if) no such offer is made;

   c. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

   d. agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtor's estate.

10. Public records and the Secured Creditor's title report reflect that the Property is encumbered by the statutory liens securing ad valorem real property taxes due to Seminole County for tax year 2017 in the approximate amount of $582.68 plus interest which is accruing daily (collectively the "Real Property Taxes").

11. The Secured Creditor has represented and warranted that it possesses a valid, perfected, enforceable and unavoidable first mortgage lien on the Property by virtue of a promissory note and mortgage recorded in the official Records of Seminole County.

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

## RELIEF REQUESTED

12. The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, using the services of BKRES and Listing Agent, free and clear of all liens, claims, encumbrances, and interests. As a material inducement to the Trustee's decision to pursue the proposed sale, the Secured Creditor consents to the Property's sale and the creation of a carve-out fund (the "Carve-Out Fund") that will provide for the costs of this case to be paid and provide a recovery for other creditors. The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property be required to assert no later than 5 days prior to the hearing on the instant Motion, and substantiate the basis for such asserted interest or secured claim, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.

## BASIS FOR RELIEF

### A. The Sale of the Property Should Be Approved

13. The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and his professionals, pursuant to the Sale procedures described below.

14. Pursuant to Section 363(b) of the Bankruptcy Code, a Trustee, after notice and hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of business. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008). Further, Bankruptcy Rule 6004(f) contemplates sales outside of the ordinary course of business.

15. The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted an offer that has been approved by the Secured Creditor and will result in a carve-out for the

Bankruptcy Estate of $18,500.00. Attached as Exhibit "A" is the letter of consent/approval from the Secured Creditor.

16. Accordingly, the Trustee submits that the sale of the Property pursuant to the above process is reasonable under Section 363(b) of the Bankruptcy Code.

B. <u>The Sale of the Property Should Be Approved Free and Clear of All Interests</u>

17. Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169 n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities."); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

18. The Trustee states that he shall satisfy Section 363(f)(2) of the Bankruptcy Code because the Secured Creditor consents to a sale of the property under Section 363(f)(2) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and interests.

19. The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers no later than 5 days prior to the hearing on the instant Motion, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.[2] Failure to object after proper notice and opportunity to object is deemed consent. *See BAC Home Loans Servicing LP v.* Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v.* Elliott, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse*

---

[2] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

*LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012WL1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).

20. Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or his professionals. Notwithstanding that the Trustee will seek authority to execute all documents and instruments he deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed, and (b) a copy of the Final Sale Order.

21. The Secured Creditor agrees to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition or the equivalent to twelve months' assessments and (3) all closing costs excluding professional fees but including State Documentary Stamps for the entire closing price pursuant to Florida Statue Sections 201.01 and 201.02; (4) the carve out to the Trustee. Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

C. The Sale Will Be Undertaken by the Buyer in Good Faith

22. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

23. The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." (citation omitted)); see *also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

24. The Trustee asserts that the sale of the Property will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

25. The Trustee further states that:

(a) the Trustee has reviewed the tax implications of the proposed Sale and has determined that the proposed sale will not result in a capital gains tax event to the estate or other taxable event which would negate the benefit realized from the Carve Out;

(b) the Trustee has determined, based upon a review of the schedules and information derived from the 341 meeting, that there will likely be a meaningful distribution to creditors based upon the understanding that the final sale price and the total dollar amount of claims to be filed in this case are both unknown and can only be estimated at this time; and

(c) Given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed Sale is in the best interest of the estate and its creditors.

26. The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents he deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of the this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enters an Order approving the short sale of the Property pursuant to Sections 105 and 363 of the Bankruptcy Code and for such other and further relief as this Court deems just and equitable under the circumstances of the case.

Under penalty of perjury, I have read the foregoing Motion and it is true and correct to the best of my knowledge information and belief. I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been furnished via first-class United States Mail, postage prepaid, or via electronic file transfer this December 6, 2016 to: Peter D Osborn, 2810 LAKE HOWELL LANE, WINTER PARK, FL 32792; Brandon J. Stewart, CLARK & LAGROW, PLLC, 500 WINDERLEY PLACE, UNIT 100, MAITLAND, FL 32751; creditors listed on the attached matrix; and the United States Trustee, 400 W. Washington St., Suite 1100, Orlando, FL 32801.

/s/ Richard B. Webber II
Richard B. Webber II, Trustee
PO Box 3000
Orlando, FL 32802-3000
Phone: (407)425-7010
E-mail: rwebber@zkslawfirm.com





|  |  |
|---|---|
| **Account Information** | |
| Online: | Wellsfargo.com |
| Fax: | 1-866-969-0103 |
| Telephone: | 1-866-234-8271 |
| Correspondence: | PO Box 10335 |
|  | Des Moines, IA 50306 |
| Hours of Operation: | Mon-Thu, 7:00 AM– 9:00 PM |
|  | Fri, 7:00 AM – 8:00 PM |
|  | Sat, 8:00 AM – 4:00 PM |
|  | Central Time |
| Loan Number: | 0482378288 |
| Property Address: | 2810 LAKE HOWELL LN. |
|  | WINTER PARK, FL 32792 |

11/23/2016

MICHAEL A KERWIN
ATTORNEYS JUSTIN CLARK &
ASSOCIATES PLLC
500 WANDERLEY PLACE, UNIT 100
MAITLAND, FL 32751

PLEASE NOTE:  This notice is being provided for informational purposes only.  As a result of at least one bankruptcy case filing that included the above referenced account, Wells Fargo Home Mortgage  is NOT attempting in any way to violate any provision of the United States Bankruptcy Code or to collect a debt (deficiency or otherwise) from any customer(s) who is impacted by an active bankruptcy case or has received a discharge, where the account was not otherwise reaffirmed or excepted from discharge.  THIS IS NOT A BILL OR A REQUEST FOR PAYMENT AS TO THESE CUSTOMER(S).
Your decision to discuss workout options with Wells Fargo Home Mortgage is strictly voluntary.  You are not obligated to pursue any workout options discussed with us.  At your request, we will immediately terminate any such discussions should you no longer wish to pursue these options.

Subject:    Notice of short sale status on your mortgage
            Projected closing date: 01/23/2017

Dear Peter D Osborn:

We're writing to let you know that we have conditionally approved you for a short sale on the property referenced above.  The following notice of short sale approval will provide all of the conditions and requirements that must be met before the short sale transaction can be finalized.

**What you need to know about a short sale**
With a short sale, you may have the option to sell your home for less than the amount owed on your mortgage.  By doing this, you will be released from your obligation to pay back your primary mortgage under its original terms.  And as your mortgage servicer, Wells Fargo Home Mortgage will accept the proceeds of the sale as payment in full.

As the homeowner, you may be able to:
- Avoid a foreclosure sale
- Stay in your home until the new owner closes, giving you time to make other living arrangements

- Pay no fees — all closing costs and real estate agent fees will be paid by Wells Fargo Home Mortgage
- Eliminate your loan debt
- Receive relocation assistance that helps you transition out of the home

**Conditions you must meet to complete a short sale**

Your short sale approval is based on the purchase contract between Peter D Osborn, the seller(s), and THOMAS HAYDEN, the buyer(s), for a purchase price of $640,000.00. The minimum amount we must receive for the sale of the property after all deductions have been made is called the **acceptable net sale proceeds amount**. The terms of our approval and instructions to you and your closing agent are as follows:

**Section one — transaction overview**

1. The acceptable net sale proceeds amount is $555,396.72.

2. The following transaction details summarize the information noted above:

    | | |
    |---|---|
    | Approved purchase price: | $640,000.00 |
    | Acceptable net sale proceeds amount: | $555,396.72 |
    | Borrower payment: | |
    | Cash at closing: | $0.00 |

**Section two — approved seller closing costs**

Approved Seller Closing Costs:

| | |
|---|---|
| Real Estate Commission: | $38,400.00 |
| Borrower Relocation | $10,000.00 |
| TITLE SETTLEMENT | $495.00 |
| SURCHARGE | $3.28 |
| OWNERS TITLE | $3,275.00 |
| DEED TAX | $4,480.00 |
| RECORD | $100.00 |
| BANKRUPTCY FEE | $18,500.00 |
| TRUSTEE | $850.00 |

Excess funds, if any, must be paid to Wells Fargo Home Mortgage

**Section three — lien holders**

To help move the transaction through to closing, we have agreed to pay the amounts listed below to the following second mortgage and/or other subordinate lien holders:

| | |
|---|---|
| Bank of America | $8,500.00 |

Please understand that any reference to the junior/subordinate lien holder(s) payoff is contingent upon separate written approval of the transaction by each lien holder. In addition, if the junior lien holder is affiliated with Wells Fargo Home Mortgage or any of its subsidiaries, the approval must be obtained separately. This does not represent approval by any other lien holder.

**Section four — before we can finalize your short sale**

- Acknowledge and waive any and all rights to any escrow balance, insurance proceeds, or refunds from prepaid expenses.

- You, or any other party, cannot receive any sale proceeds or any funds as a result of this transaction except as specified in this notice.

- The purchase contract may not be amended without Wells Fargo Home Mortgage prior written approval.

- Ensure that any relationship among a participating broker/real estate agent has been disclosed prior to issuing this notice of short sale approval (unless the property is secured by a VA loan). This transaction may not close if it involves any third party who received a deed from the borrower/seller at, before, or after closing, and the purchase contract may not be assigned.

  In addition, the sale must be an "arm's length transaction". This means the parties to the transaction (buyer, seller, and their respective agents) cannot have a close personal or business relationship. Also, the buyer and seller, and/or any agent of the buyer or seller, cannot knowingly misrepresent the fair market value of the property during this sale/purchase of the property. Any knowing violation of the arm's length transaction requirement or misrepresentation of the fair market value may cause this approval to be void and Wells Fargo Home Mortgage may pursue available remedies at law.

- If you have any home equity loans, lines, junior liens or other subordinate liens (like a tax or mechanic's lien) on your property, they will be considered separately from your transaction. To ensure the short sale proceeds smoothly, it is essential for you to begin working with any other creditors immediately after being approved for a short sale. If you do not resolve transactions with other lien holders it could cause delays or even cancelation of the short sale closing.

- All parties to the transaction must agree to the conditions of the short sale affidavit. If any party of the transaction does not agree to the conditions of the short sale affidavit and complete the document as allowed by applicable law, this notice of approval will be null and void. The short sale affidavit must be completed and returned to Wells Fargo Home Mortgage prior to the closing date. This affidavit can be sent by fax or mail:

  Fax:   1-866-969-0103

  Mail:  Wells Fargo Home Mortgage
         1000 Blue Gentian Road, Suite 300
         MAC X9999-01N
         Eagan, MN 55121

- If you're involved in a bankruptcy, please understand that additional court consent may be needed, if consent is not provided it may prevent us from completing the short sale. If you have questions, please consult with your bankruptcy attorney.

- This notice of short sale approval is contingent upon confirming that THOMAS HAYDEN meets any required re-sale deed restrictions defined by the mortgage or deed of trust for the above mentioned property.

- If you do not comply with any of the conditions/requirements included in this notice, it results in our refusal to issue a satisfaction, release, or conveyance of your mortgage.

- In accordance with state and local laws, this conditional approval may be voided at any time (at the discretion of Wells Fargo Home Mortgage).

- You, as the seller, must advise your closing agent that they must contact us no later than 48 hours before the scheduled closing date and provide a copy of the final closing disclosure. The final closing disclosure must comply with the approval terms included in this notice and must contain complete buyer and seller information, including a forwarding address for the seller. In addition, the closing agent must provide the fully executed HUD Closing Worksheet for FHA loans. If closing is delayed and/or rescinded, we must be notified immediately to review the request and provide written approval, if granted per investor or mortgage insurance guidelines.

- In addition, you as the seller, for and in consideration of the approval, closing, and funding of the short sale, agree that you will re-sign any documents after closing if any corrections are needed. These corrections may be due to any typographical or clerical errors discovered in any or all of the closing documentation required to be signed at the time of closing.

- The acceptable net sales proceeds, together with any excess funds, must be wired to:
  Wells Fargo Home Mortgage
  Account No.: 6581202097
  ABA No.: 121000248
  Special Information for Beneficiary:
  Apply funds to loan:  708, 0482378288
  From: Sender's name, phone number

  Please note: The above information is mandatory and if not provided, the wire will be rejected.

- After certified funds are received and approval is final, a document releasing the mortgage will be sent to record this decision.

- The closing documents should be faxed to 1-866-969-0103 on the closing date.

**What you need to know about transition incentives**
- To help you with this transition you will receive $10,000.00 to be paid at closing for your relocation assistance.  If you're also receiving relocation assistance from a third party that has not yet been disclosed to Wells Fargo Home Mortgage, the amount you receive from us may be reduced by the amount received from this third party.

**What you need to know about any remaining balance on your loan**
- The estimated amount of total debt outstanding as of the date of this letter is $748,062.70.

- Because, with a short sale transaction, the home is sold for less than the total debt outstanding, there may be a deficiency balance.  This is the dollar difference between the total debt outstanding and the acceptable sale proceeds amount.  The estimated deficiency balance as of the date of this letter is $192,665.98.

- Please take note that the investor (and all other interested parties) on your loan, in releasing its security interest in this real property, waives the right to collect that amount that constitutes full payment of the secured debt.

- Wells Fargo Home Mortgage will notify the major credit reporting agencies to reflect this loan as "account paid in full with less than full balance," which should appear on your credit report following the completion of the short sale.  However, Wells Fargo Home Mortgage is not a reporting agency and cannot control how or when the report will reflect information to other users of credit reports.

- Wells Fargo Home Mortgage will report amounts of debt that have been cancelled to the IRS, if required to do so under IRS regulations.

**I'm here to help**
I look forward to working with you, and encourage you to call me at the phone number below if you have any questions about the information in this letter.

Sincerely,

**HEIDI ANN HARRIOTT**
Home Preservation Specialist
Phone: 855-844-4527 ext. 1335520348

Fax: 1-866-969-0103

**Contact us**
If you'd like to request information, notify us of an error, or share any concerns you may have about the servicing of your loan, please contact us at P.O. Box 10335, Des Moines, IA 50306.
Please include your account number with all correspondence.

Wells Fargo Home Mortgage cannot dispense tax or legal advice.  Please consult a tax advisor and/or attorney regarding any consequences associated with a short sale.

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. ©2016 Wells Fargo Bank, N. A. All rights reserved. NMLSR ID 399801

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:16-bk-00894-CCJ<br>Middle District of Florida<br>Orlando<br>Tue Dec  6 11:02:16 EST 2016 | Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia PA 19101-7346 | Midland Funding LLC<br>PO Box 2011<br>Warren, MI 48090-2011 |
| PYOD, LLC its successors and assigns as assi<br>of Citibank, N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602-9008 | PYOD, LLC its successors and assigns as assi<br>of FNBM, LLC<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602-9008 | Seminole County Tax Collector<br>Attn:  Ray Valdes<br>Post Office Box 630<br>Sanford FL 32772-0630 |

End of Label Matrix
Mailable recipients    5
Bypassed recipients    0
Total                  5